UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ANGEL BAKOV, Individually and on Behalf of All Others Similarly Situated, | ) ) ) | |
| Plaintiffs, | ) ) | Case No. |
| v. | ) ) | JURY TRIAL DEMANDED |
| WAL-MART STORES, INC. | ) ) ) | |
| Defendant. | ) | |

## CLASS ACTION COMPLAINT

Plaintiff, Angel Bakov, by and through his counsel, individually and on behalf of all others similarly situated, and for his Complaint against Defendant, Wal-Mart Stores, Inc. ("Wal-Mart"), alleges and states as follows:

## NATURE OF THE ACTION

1. This is a putative class action brought by Plaintiff, Angel Bakov, pursuant to Federal Rule of Procedure 23, on behalf of himself and (1) all persons in the United States (2) to whose cellular telephone number (3) Wal-Mart placed a non-emergency telephone call (4) using an artificial or prerecorded voice relating to prescription medications (5) within four years of the complaint (6) where Wal-Mart did not have express written consent to call said cellular telephone number (the "Class").

2. Plaintiff seeks damages and injunctive relief resulting from the illegal actions of Wal-Mart in contacting Plaintiff and Class members on their cellular telephone for non-emergency purposes using a prerecorded message or artificial voice in direct

contravention of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq*. ("TCPA"). The TCPA prohibits calls to cellular telephones using prerecorded or artificial voices without prior express written consent of the called party.

3. "Consumer complaints about abuses of telephone technology - for example, computerized calls to private homes - prompted Congress to pass the Telephone Consumer Protection Act of 1991 . . . ." *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740, 742 (2012). "Congress determined that federal legislation was needed because telemarketers, by operating interstate, were escaping state-law prohibitions on intrusive nuisance calls." *Id.*

4. Congress also specifically found that "the evidence presented to the Congress indicates that automated or prerecorded calls are a nuisance and an invasion of privacy, regardless of the type of call…." *Id*. at §§ 12-13. *See also, Mims,* 132 S. Ct. at 744.

5. The TCPA regulates, among other things, the use of prerecorded messages and use of automatic telephone dialing systems ("ATDS"), or "autodialers." 47 U.S.C. § 227(b)(1)(A)(iii). Specifically, the TCPA prohibits the use of prerecorded messages or autodialers to make any call to a wireless number in the absence of an emergency or the prior express consent of the called party. 47 C.F.R. §64.1200(a)(2).

6. According to findings by the Federal Communication Commission ("FCC"), the agency Congress vested with authority to issue regulations implementing the TCPA, such calls are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls

can be costly and inconvenient. The FCC also recognized that wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used.

7. On February 15, 2012, the FCC revised its rules implementing the TCPA to require prior express written consent for all autodialed or prerecorded telemarketing calls to wireless numbers. In re Rules and Regulations Implementing the TCPA, 27 FCC Rcd. 1830, 1838-40 (2012). Pursuant to FCC rules, effective October 16, 2013, unambiguous written consent is required before a telemarketer makes an autodialed or prerecorded call to a wireless number, and there is no exception for telemarketers that have an established business relationship with the consumer.

8. Neither Plaintiff nor the other Class members ever consented in writing, authorized, desired or permitted Wal-Mart to make telephone calls to their cellular telephones.

9. By making such unauthorized telephone calls, Wal-Mart caused Plaintiff and each of the class members actual harm, including the aggravation and nuisance that necessarily accompanies the receipt of unsolicited calls, and the monies paid to their cellular carriers for the receipt of such calls.

**PARTIES**

10. Plaintiff, Angel Bakov, is an individual and is a resident and a citizen of Cook County, Illinois.

11. Defendant, Wal-Mart, is a Delaware corporation that maintains its headquarters at 702 SW 8th Street, Bentonville, Arkansas. Wal-Mart is the world's largest public corporation and

operates retail stores throughout the United States. There are over one-hundred (100) Wal-Mart affiliated stores throughout Illinois.

## JURISDICTION AND VENUE

12. This Court has federal question jurisdiction because this case arises out of a violation of federal law. 47 U.S.C. § 227(b); *Mims v. Arrow Fin. Servs., LLC,* 132 S. Ct. 740 (2012).

13. This Court has subject matter jurisdiction under 28 U.S.C. §1331.

14. Venue is proper pursuant to 28 U.S.C. § 1391 for the following reasons: (i) Plaintiff resides in Cook County, State of Illinois, which is within this judicial district; (ii) the conduct complained of herein occurred within this judicial district; and (iii) Defendant resides and conducts business within this judicial district at all times relevant to this Complaint.

## INDIVIDUAL PLAINTIFF'S ALLEGATIONS

15. At all relevant times, Plaintiff was the subscriber of the cellular telephone number ending in 1521.

16. On February 20, 2018, at approximately 7:41 a.m., Plaintiff received a telephone call to his cellular telephone from a calling number listed as (847) 590-0011, as identified by Plaintiff's caller identification system.

17. On February 20, 2018, at approximately 8:44 a.m., Plaintiff received another telephone call to his cellular telephone from a calling number listed as (847) 590-0011, as identified by Plaintiff's caller identification system.

18. Upon answering the second telephone call and saying "hello", a pre-recorded message and/or artificial voice played informing Plaintiff that the call was regarding his

medication prescription from Wal-Mart pharmacy. The message that played was automated and developed using an interactive voice or voice automation technology.

19. On February 20, 2018, shortly after receiving the second telephone call from the (847) 590-0011 number and hearing the automated message, Plaintiff initiated a call to said number.

20. Plaintiff's telephone call to the (847) 590-0011 number was answered by a live person. The individual that answered Plaintiff's telephone call identified herself as an employee of the pharmacy department of Wal-Mart and said that the telephone call Plaintiff had received was from Wal-Mart pharmacy regarding a medical prescription. When Plaintiff asked how Wal-Mart had obtained his telephone number, the person responding on the line answered that Plaintiff's cellular telephone number was connected to a cat prescription from Wal-Mart pharmacy.

21. Plaintiff has never owned a cat.

22. Plaintiff has never been a customer of Wal-Mart pharmacy and has never had an account with Wal-Mart's pharmacy.

23. Plaintiff never provided Wal-Mart with written consent to receive automated telephone calls to his cellular telephone number.

24. On information and belief, Wal-Mart made these calls to Plaintiff and the Class members using equipment that had the capacity to store or produce telephone numbers to be called using a random or sequential number generator, and to dial such numbers.

25. Plaintiff and the Class members never consented to, requested, or otherwise desired or permitted Wal-Mart to call their cellular telephones.

26. Wal-Mart used an "automatic telephone dialing system" (ATDS), as defined by 47 U.S.C. § 227(a)(1) to initiate the artificial or prerecorded message to Plaintiff's cellular telephone as prohibited by 47 U.S.C. § 227(b)(1)(A).

27. These telephone communications constituted telephone solicitations as defined by 47 U.S.C. § 227(a)(4).

28. Wal-Mart's calls constituted calls that were not for emergency purposes as defined by 47 U.S.C. § 227(b)(1)(A)(i).

29. Wal-Mart's calls were placed to telephone numbers assigned to a cellular telephone service for which Plaintiff and the putative class members incur a charge for incoming calls pursuant to 47 U.S.C. § 227(b)(1).

## CLASS ACTION ALLEGATIONS

30. Many Wal-Mart stores have pharmacies. In a quest to compete with other pharmacies, Wal-Mart implemented a telemarketing tool in which it has made automated calls to customers of Wal-Mart's pharmacies and others using an artificial or prerecorded voice in order to solicit Wal-Mart's services with regard to prescription medications.

31. Because the prerecorded calls were for telemarketing purposes, Wal-Mart was required to have express written consent prior to making the calls.

32. Prior to making the prerecorded calls, Wal-Mart did not obtain express consent of consumers, including Plaintiff, as required by the TCPA.

33. Plaintiff brings this claim pursuant to Federal Rule of Civil Procedure 23(b)(2) and (b)(3) on behalf the following Class and Subclass:

<u>TCPA Class</u>

(a) All persons in the United States (2) to whose cellular telephone number (3) Wal-Mart placed a non-emergency telephone call (4) using an artificial or prerecorded voice relating to prescription medications (5) within four years of the Complaint (6) where Wal-Mart did not have express written consent to call said cellular telephone number (the "Class").

<u>TCPA Former/Non-Customer Subclass</u>

(b) All persons in the United States (2) to whose cellular telephone number (3) Wal-Mart placed a non-emergency telephone call (4) using an artificial or prerecorded voice relating to prescription medications (5) within four years of the Complaint (6) where Wal-Mart called when the person did not have any pending prescriptions with Wal-Mart and Wal-Mart did not have express written consent to call ("Subclass A").

34. Plaintiff represents and is a member of the Class and Subclass. Excluded from the Class are Defendant and any entities in which Defendant has a controlling interest, Defendant's agents and employees, the Judge to whom this action is assigned and any member of the Judge's staff and immediate family.

35. Plaintiff does not know the exact number of members in the Class, but based upon the size, national scope of Wal-Mart and the automated nature of the prerecorded messages, Plaintiff reasonably believes that the Class numbers in the thousands at a minimum.

36. The joinder of all class members is impracticable due to the size and relatively modest value of each individual claim. The disposition of the claims in a class action will provide substantial benefit to the parties and the Court in avoiding a multiplicity of identical suits. The Class can be identified easily through records maintained by Wal-Mart.

37. There are questions of law and fact common to the members of the Class and Subclass, which common questions predominate over any questions that affect only individual Class and Subclass members. Those common questions of law and fact include, but

are not limited to, the following:

    i.    Whether Wal-Mart engaged in a pattern of using artificial or prerecorded voices to place calls to cellular phones;

    ii.    Whether the calls at issue were for telemarketing purposes;

    iii.    Whether Wal-Mart had prior express consent to place the calls;

    iv.    Whether Wal-Mart negligently violated the TCPA; and

    v.    Whether Wal-Mart willfully violated the TCPA.

38. As a person who received telephone calls from Wal-Mart using an artificial or prerecorded voice to his cellular phone relating to prescription medications without his prior express consent, Plaintiff asserts claims that are typical of the members of the Class. Plaintiff will fairly and adequately represent and protect the interests of the class, and has no interests which are antagonistic to any member of the Class.

39. Plaintiff has retained counsel experienced in handling class action claims, including class claims involving violations of federal and state consumer protection statutes such as the TCPA.

40. A class action is the superior method for the fair and efficient adjudication of this controversy. Class-wide relief is essential to compel Defendant to comply with the TCPA. The interest of individual Class Members in individually controlling the prosecution of separate claims against Defendant is small because the statutory damages for violation of the TCPA are small in comparison to the costs and expenses of litigation of such claims. Management of these claims is likely to present few difficulties because the calls at issue are all automated and the Class Members, by definition, did not provide the prior express consent required under the

statute to authorize calls to their cellular telephones as Wal-Mart did not attempt to obtain consent required by the TCPA prior to placing the calls.

41. Defendant has acted on grounds generally applicable to the Class, thereby making final injunctive relief and corresponding declaratory relief with respect to the Class as a whole appropriate. Moreover, Plaintiff alleges that the TCPA violations complained of herein are substantially likely to continue in the future if an injunction is not entered.

## COUNT I – NEGLIGENT VIOLATIONS OF THE TCPA

42. Plaintiff incorporates the allegations of Paragraphs 1 through 41 as if fully set forth herein.

43. Plaintiff brings this claim on behalf of the Class and Subclass.

44. Wal-Mart made unsolicited telephone calls to the wireless telephone number of Plaintiff and the other members of the Class and Subclass using a prerecorded or artificial voice. These phone calls were made without the prior written express consent of Plaintiff or the other members of the Class or Subclass.

45. Wal-Mart has therefore violated the TCPA, 47 U.S.C. § 227(b)(1)(A)(iii), which makes it unlawful for any person within the United States . . . to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice . . . ."

46. Each of the aforementioned calls by Wal-Mart constitutes a negligent violation of the TCPA.

47. As a result of Walmart's negligent violations of the TCPA, Plaintiff and the members of the Class are entitled to an award of $500.00 in statutory damages for each call in

violation of the TCPA pursuant to 47 U.S.C. ¶ 227(b)(3)(B).

48. Plaintiff and Class and Subclass members are also entitled to and do seek injunctive relief prohibiting Defendant's violation of the TCPA in the future.

### COUNT II – WILLFUL VIOLATIONS OF THE TCPA

49. Plaintiff incorporates the allegations of Paragraphs 1 through 41 as if fully set forth herein.

50. Plaintiff brings this claim on behalf of the Class and Subclass.

51. Wal-Mart made unsolicited telephone calls to the wireless telephone number of Plaintiff and the other members of the Class and Subclass using a prerecorded or artificial voice. These phone calls were made without the prior written express consent of Plaintiff or the other members of the Class or Subclass.

52. Wal-Mart has therefore violated the TCPA, 47 U.S.C. § 227(b)(1)(A)(iii), which makes it unlawful for any person within the United States . . . to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice . . . .".

53. Each of the aforementioned calls by Wal-Mart constitutes a willful violation of the TCPA.

54. As a result of Walmart's willful violations of the TCPA, Plaintiff and the members of the Class are entitled to an award of $1,500.00 in statutory damages for each call in violation of the TCPA pursuant to 47 U.S.C. ¶ 227(b)(3)(B).

55. Plaintiff and Class and Subclass members are also entitled to and do seek injunctive relief prohibiting Defendant's violation of the TCPA in the future.

## JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury of all claims in this Complaint so triable.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff, Angel Bakov, individually and on behalf of the Class and Subclass, requests that the Court enter an Order as follows:

A. Certifying the Class and Subclass as defined above, appointing Plaintiff Angel Bakov as the representative of the Classes, and appointing his counsel as Class Counsel;

B. Awarding actual or statutory damages;

C. Enjoining Defendant and requiring Defendant to cease all cellular telephone call activities initiated without prior express written consent, and otherwise protecting the interests of the Classes;

D. Awarding reasonable attorneys' fees and costs; and,

E. Awarding such other and further relief that the Court deems reasonable and just.

Dated: March 28, 2019

Respectfully submitted,
**Angel Bakov, Individually and on Behalf of**
**All Others Similarly Situated.**

By: /s/ Jeffrey Grant Brown
Jeffrey Grant Brown
Attorney for Plaintiff
And the Proposed Putative Class.

Jeffrey Grant Brown
Jeffrey Grant Brown, P.C.
221 North LaSalle Street, Suite 1414
Chicago, IL 60601
312.789.9700